No. 3579

Second Circuit

---

## McLEMORE, INC., v. GREEN BROS. LUMBER CO., INC.

---

(December 31, 1929. Opinion and Decree.)

—·—

Hodge & Barnette, of Rayville, attorneys for plaintiff, appellant.

Smith & McGregor, of Rayville, attorneys for defendant, appellee.

ODOM, J. This is a suit brought by plaintiff to recover $411.23, the balance due on an open account for goods and merchandise alleged to have been sold and delivered to the defendant, which is a corporation. The account sued on is not disputed, but the defense is that the goods were not sold to the defendant corporation nor delivered to it, and therefore that it is not responsible for the account.

The testimony shows that during the years 1925, 1926 and 1927, Cage McLemore was operating a bakery and market under the trade name of "City Bakery," which subsequently was adjudicated a bankrupt and its property, including accounts due it, sold to the plaintiff corporation. It further shows that during those years there were sold by the said City Bakery goods and merchandise amounting to more than $800 to Jim Green and his wife, on which account there was paid something like $400. The City Bakery kept its accounts under the system known as the "MaCaskey Register" system, under which every item purchased is listed on a slip for which there is a duplicate given to the purchaser. These slips show the name of the purchaser, the items purchased, the amounts and the date. Plaintiff offered in evidence a slip showing each and every item charged. These slips show that the items purchased were gotten either by Mrs. Jim Green or Jim Green himself. But they were all charged to Green Brothers Lumber Company, Incorporated, which is a corporation.

There is no testimony to show that the City Bakery or those in charge of it had any authority to charge items to the corporation. Mr. C. McLemore testified that the goods were sold to the corporation, and was asked the circumstances under which they were sold and by what authority they were sold and charged to the corporation. He failed to give any

satisfactory testimony on that point. However, he stated that in the year 1924, and prior thereto, his company, or McLemore Brothers, were operating a wholesale concern in the town of Rayville and that Green Brothers Lumber Company, Inc., a corporation, purchased goods at wholesale which were charged to the corporation. But the testimony shows that all the items purchased from the wholesale concern and charged to Green Brothers were paid for by the corporation. But, as stated, there is no testimony at all to show that the items on the open account which forms the basis of this suit were sold to or properly charged to the corporation. On the other hand, Jim Green, who was a stockholder in the corporation, testified positively that each and every item on the account was purchased by him or his wife for their personal use and should have been charged to him personally. It is further shown that long prior to the beginning of the transactions out of which this suit grows, Jim Green had an account with the City Bakery on which he had defaulted. The contention of plaintiff is that these goods would not have been sold to Jim Green on his account, because of the fact that he had failed to pay his other account and for that reason they were charged to the corporation of which he was a member. It can be readily understood why plaintiff would not want to sell Jim Green, but certainly if the corporation is to be held liable for this account, the burden was upon plaintiff to show that the corporation had authorized the purchase of the goods for its account, or at least that it had received the goods and made use of them. While plaintiff alleged and attempted to prove that the goods were properly charged to the defendant corporation, yet there is no testimony at all to that effect. On the contrary, each and every member of the defendant corporation testified positively that the corporation ceased operations in the latter part of 1924, and that its mules and wagons were turned over to Jim Green to be cared for and used by him in a separate and independent logging transaction conducted in the name and for the benefit of the said Jim Green, and as stated, Jim Green himself testified that he had his wife purchase the goods for their own use and benefit. We note on the account that there are three charges for hay; but Jim Green testified that he himself purchased the hay to feed the mules while he was conducting a logging business with which the corporation had no connection whatsoever.

Counsel for plaintiff argue and cite authority to the effect that where a general manager of a corporation contracts debts for the corporation in due course, the presumption is that the corporation has authorized the transactions and that it cannot escape liability. But the facts in this case show that the account sought to be collected from the defendant corporation was not made either for or in the name of the corporation. Mr. Ed Green, president of the corporation, as well as other members of it, testified positively that Jim Green had no authority to make this account for it, and as stated, the plaintiff did not testify that anyone with authority had ever authorized those charges to be made against the defendant. In other words, there is not shown to be any connection whatsoever between the defendant corporation and the plaintiff, insofar as this account is concerned. It follows necessarily that plaintiff cannot recover.

The judgment appealed from, rejecting plaintiff's demands is correct, and is therefore affirmed, with costs in both courts.